IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ÁNGEL COLÓN DE JESÚS,

Defendant

CRIMINAL 10-0251 (JAF)

OPINION AND ORDER

Ángel Colón de Jesús was charged in a three-count indictment on April 15, 2009 with, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessing in and affecting interstate commerce, two firearms, that is, a Glock model 23, .40 caliber pistol with a loaded magazine with 12 rounds of ammunition and one round in the chamber, and a Smith & Wesson, model 69006, 9mm caliber pistol with one magazine loaded with 16 rounds of ammunition and one round in its chamber, said firearms having been shipped and transported in interstate or foreign commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He was also charged with being a known user of a controlled substance and knowingly possessing those same weapons, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).  The third count contains a forfeiture allegation.  (Criminal 09-0136 (ADC), Docket No. 11.)

CRIMINAL 10–0251 (JAF)                    2

In that case, there is a notation on June 24, 2009 that the defendant was to be evaluated by Dr. Carol Romey, a forensic and clinical psychologist. The defendant remains subject to that mental evaluation. (Criminal 09-0136 (ADC), Docket No. 20.) On February 25, 2010, retained defense counsel informed that the defendant had decided to explicitly renounce raising any matter of insanity defense at trial. He also informed that the evaluation would therefore be academic. (Criminal 09-0136 (ADC), Docket No. 47.) On July 13, 2010, the court ordered the mental evaluation to be filed and scheduled a mental competency hearing for August 3, 2010. (Criminal 09-0136 (ADC), Docket No. 58.) The hearing was then continued to September 2, 2010. (Criminal 09-0136 (ADC), Docket No. 62.)

Ángel Colón de Jesús was also charged in a 110-defendant, 26-page indictment dated July 14, 2010, with knowingly and intentionally conspiring to possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II Narcotic Drug Controlled Substance, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in excess of 100 kilograms of a mixture or substance containing a detectable

CRIMINAL 10–0251 (JAF)                    3

amount of marijuana, a Schedule I Controlled Substance, a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance, and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance, all within 1,000 feet of the real property comprising housing facilities owned by a public housing authority, that is, the Virgilio Dávila Public Housing Project, Las Gardenias Public Housing Project, the Brisas de Bayamón Public Housing Project, the Falín Torrech Public Housing Project, and other areas within the Municipality of Bayamón, Puerto Rico, all in violation of 21 U.S.C. §§ 841(a)(1), 846 and 960. (Criminal 10-0251 (JAF), Docket No. 3.)  He is also charged with 19 others in aiding and abetting each other during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute and/or to distribute heroin, cocaine base, cocaine, marijuana, Oxycodone, and Xanax, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 960, in carrying and using firearms as that term is defined in 18 U.S.C. § 921(a)(3), all in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

　　　　The defendant's initial appearance was held on July 23, 2010. It would have been held on July 22, 2010 but the defendant refused to leave his cell when required by the Bureau of Prisons personnel on that morning. The arraignment

CRIMINAL 10–0251 (JAF)                    4

was set for July 28, 2010 and bail hearing for August 6, 2010.  (Docket No. 240.) While defense counsel was not present on July 28, the defendant was instructed to try to cooperate with the United States Marshal in relation to being transported to court since the Marshal had informed that the defendant had refused to leave his cell at the metropolitan detention facility when instructed to do so.  The defendant was also instructed that the Marshal was authorized to use force if needed in order to bring him to court proceedings.  (Docket No. 300.)  The arraignment was reset for July 29, 2010, and again for August 3 and then August 5.  (Docket No. 313.)  Defense counsel did not appear.  On August 4, 2010, defense counsel informed that he had learned from another attorney that he had failed to appear at several hearings in which he represented a party.  Counsel explained that he did not appear because he does not represent this defendant. He informs that when contacted by court personnel in relation to the representation, he informed that he was unavailable to assume the representation.  His review of the docket does not reflect an order appointing him, nor a voucher issued authorizing the representation.  (Docket No. 315.)  Indeed the attorney later informed that he would be outside of Puerto Rico on August 5 and August 9.  Today, I issued an order to appoint another attorney to represent this defendant.

CRIMINAL 10−0251 (JAF)                5

In court, the United States Marshal informed that the defendant again had been refusing to be transported to court, thus requiring special independent handling by the United States Marshal.  On the three occasions that I have addressed the defendant in court, his visage has reflected a blank affect of sorts, as though staring at the Great Seal behind the judge's bench.  The defendant never acknowledged any statement given by myself nor was he asked any questions without the assistance of counsel.

The test for a criminal defendant's competency to stand trial is governed by the standards laid out  in 18 U.S.C. § 4241.  This provision states that at any time after the commencement of a prosecution for an offense and prior to sentencing, "the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant."  18 U.S.C. § 4241(a).  The court may grant the motion or order a hearing if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and assist properly in his defense.  The provision further states that, "[i]f, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

CRIMINAL 10−0251 (JAF)　　　　　　　　6

consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d); see United States v. Wiggin, 429 F.3d 31, 37 (1st Cir. 2005). Commitment to the Attorney General entails hospitalization for up to four months, or for a further period depending upon the nature of the improvement of his mental state. See 18 U.S.C. § 4241(d)(1)(2)(A). "The test for incompetence is . . . well settled. A defendant may not be put [on] trial unless he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him.'" Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). That hearing is yet pending in the other case and the defendant has not yet consulted with counsel in the present case.

　　　In view of the above, because of the pendency of the determination of mental competency of the defendant in Criminal 09-0136 (ADC), and the recurring issues of the defendant's unwillingness in being transported to court for proceedings, I find that the period of time of the defendant's pending a determination of mental competency is excluded from any computations of time triggering possible speedy trial violations. 18 U.S.C. § 3161(h)(1)(A); see United States v. Bennett, ___ F. Supp. 2d ___ , 2010 WL 1382413, at *1 (N.D. Ill. 2010)

CRIMINAL 10–0251 (JAF)                    7

at 1; cf. United States v. Turner, 602 F.3d 778, 783 (6th Cir. 2010).  I also make a finding that the ends of justice served by excluding this time period from any computations outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7); see generally United States v. Ruiz-Marty, 463 F. Supp. 2d 137, 140-41 (D.P.R. 2006).

At San Juan, Puerto Rico, this 5th day of August, 2010.

                              S/ JUSTO ARENAS
                              Chief United States Magistrate Judge